UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| L.O. and A.O., parents of C.O., a minor,<br><br>            Plaintiffs,<br><br>    vs.<br><br>Tacoma School District No. 10<br><br>            Defendant. | Case No.   3:22-cv-5798<br><br>PLAINTIFF'S COMPLAINT FOR RECOVERY OF ATTORNEY FEES |

I. <u>PRELIMINARY STATEMENT</u>

1.1     C.O. is a public-school student who is classified as disabled for educational purposes and is entitled to a free and appropriate public education under the Individuals with Disabilities Education Improvement Act ("IDEA").  The Plaintiffs, C.O.'s parents ("Parents") requested, and the defendant, Tacoma School District No. 10 ("District"), failed to provide, an appropriate special education program designed to meet C.O.'s unique needs.  The Parents requested an administrative hearing (captioned *In Re: Tacoma School District,* OSPI CAUSE NO. 2022-SE-0033, OAH DOCKET NO. 03-2022-OSPI-01544) pursuant to state and federal law, to require the District to provide the needed educational programming.  The Parents

PLAINTIFF'S COMPLAINT FOR
RECOVERY OF ATTORNEY FEES - 1

CASSADY LAW PLLC
7001 Seaview Avenue NW
Suite 160-510
Seattle, Washington 98117
T (206) 452-5665 • F (206) 299-9960
www.cassadylaw.org

prevailed at the administrative hearing and are entitled to reasonable attorney's fees, which the District has not agreed to pay.

## II. PARTIES

2.1    Plaintiffs are the parents and guardians of C.O., a minor, educationally handicapped student.  Plaintiffs reside in Tacoma, Washington, located in Pierce County.

2.2    Defendant Tacoma School District is a school district located in the city of Tacoma, in Pierce County, Washington.

## III. JURISDICTION

3.1    Plaintiffs' claim arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 USC § 1401, *et seq* .

3.2    This Court has jurisdiction pursuant to 20 USC § 1415(i)(3).

## IV. FACTUAL ALLEGATIONS

4.1    C.O. is an individual with a disability under the IDEA, 20 USC § 1401 *et seq.*, and regulations promulgated pursuant to it at 34 CFR Part 300.  C.O. resides within the boundaries of the District.

4.2    Pursuant to 20 USC § 1413, and as a condition to the receipt of federal funds for educating students with disabilities, the District submitted an application for these funds to the Washington Office of the Superintendent of Public Instruction ("OSPI").

4.3    The application contains assurances that the District is in compliance with the provisions of IDEA and its implementing regulations, 34 CFR Part 300.

4.4    The application and program of the District was approved by the OSPI, and the District has received and is receiving federal funds under the IDEA.

PLAINTIFF'S COMPLAINT FOR
RECOVERY OF ATTORNEY FEES - 2

CASSADY LAW PLLC
7001 Seaview Avenue NW
Suite 160-510
Seattle, Washington 98117
T (206) 452-5665 • F (206) 299-9960
www.cassadylaw.org

4.5     These federal funds are received by the District for the purpose of providing each disabled child within its boundaries with a free appropriate public education.

4.6     Under the IDEA and its regulations, parents have a right to a hearing to resolve disputes about any aspect of the development and provision of special education programming.

4.7     Concerned about C.O.'s lack of academic and functional progress, increasing school avoidance and truancy, and behaviors impeding his ability to learn, the Parents unilaterally placed C.O. at Change Academy of the Ozarks (C.A.L.O.), a residential treatment center in Lake Ozark, Missouri.  Parents requested that the District reimburse them for tuition and other expenses associated with C.A.L.O. and design and implement an Individualized Education Program ("IEP").

4.8     When the District failed to reimburse the Parents for the expense of C.A.L.O., and to design and implement an appropriate educational plan for C.O., and to take other actions required under law, the Parents retained legal counsel to enforce their son's right to a free appropriate public education under the IDEA and state law.

4.9     On March 21, 2022, the Parents, through their attorney, initiated a request for a hearing under IDEA, implementing federal regulations, and state law.  The Parents requested as relief (a) a declaration that the District denied the Student a free and appropriate public education; (b) an order that the Student should be placed in the residential school C.A.L.O prospectively on an IEP; (c) an order that the Parents should be reimbursed for the costs associated with evaluations by experts; (d) an order that the Parents should be reimbursed for tuition paid to C.A.L.O and all related expenses; or (e) other equitable remedies, as appropriate.

4.10    On September 28, 2022, ALJ Pamela Meotti issued Findings of Fact, Conclusions of Law and Order finding the District denied C.O. a free and appropriate public education;

PLAINTIFF'S COMPLAINT FOR
RECOVERY OF ATTORNEY FEES - 3

CASSADY LAW PLLC
7001 Seaview Avenue NW
Suite 160-510
Seattle, Washington 98117
T (206) 452-5665 • F (206) 299-9960
www.cassadylaw.org

finding C.A.L.O. to be an appropriate educational placement; granting reimbursement of all the tuition paid by the Parents to C.A.L.O.; and ordering prospective placement of the Student at C.A.L.O. for the 2022-2023 school year.

4.11   Plaintiffs are the prevailing party under 20 USC § 1415(i)(3)(B) and are entitled to an award of reasonable attorney's fees.

4.12   On October 13, 2022, the Parents provided the District with the total amount of attorney's fees accrued, $150,255.00, and the District has not paid or agreed to pay attorney's fees.

4.13   The Parents incurred reasonable attorney's fees in the amount of $150,255.00 pursuing the contested proceedings resulting in the favorable decision by the administrative law judge.  Additional attorney's fees and costs have been, and will continue to be, incurred by the Parents in their attempt to secure payment through the filing of this action.

4.14   These fees and costs have been incurred solely due to the District's refusal to comply with its responsibilities under IDEA.

## V.   CAUSES OF ACTION

5.1   As the prevailing party in the special education administrative hearing, the Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to 20 USC §1415(i)(3)(B).

## VI.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1.   Assume jurisdiction of this action;

2.   Award Plaintiffs their costs and attorney's fees in the amount of $150,255.00 for prevailing in the administrative proceeding, and any additional fees incurred pursuing this action

PLAINTIFF'S COMPLAINT FOR
RECOVERY OF ATTORNEY FEES - 4

CASSADY LAW PLLC
7001 Seaview Avenue NW
Suite 160-510
Seattle, Washington 98117
T (206) 452-5665 • F (206) 299-9960
www.cassadylaw.org

to enforce their right to a fee award, pursuant to 20 USC § 1415(i)(3)(B) and 42 USC § 1988; and

    3.    Award any further relief the Court deems appropriate.

Respectfully submitted this 19th day of October, 2022.

                BY:    ss/ *Charlotte Cassady*

                        Charlotte Cassady, WSBA # 19848
                        Attorney for Plaintiffs

PLAINTIFF'S COMPLAINT FOR RECOVERY OF ATTORNEY FEES - 5

**CASSADY LAW PLLC**
7001 Seaview Avenue NW
Suite 160-510
Seattle, Washington 98117
T (206) 452-5665 • F (206) 299-9960
www.cassadylaw.org